UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STACEY HIGTOWER,<br><br>    Plaintiff<br><br>    v.<br><br>CITY OF BOSTON and BOSTON POLICE COMMISSIONER EDWARD DAVIS,<br><br>    Defendants | CIVIL ACTION NO: 08-11955-PBS |

## **AMENDED**

## **ANSWER OF DEFENDANTS**
## **CITY OF BOSTON AND POLICE COMMISSIONER EDWARD DAVIS**
## **TO THE FIRST AMENDED COMPLAINT**

### **INTRODUCTION**

1. The first paragraph is introductory in nature, and no responsive pleading is required. To the extent a response is required, Defendants deny the allegations therein.

### **JURISDICTION AND VENUE**

2. The allegations contained in this paragraph are a recitation of subject matter jurisdiction and accordingly, no responsive pleading is required. To the extent these allegations purport to assert a live case or controversy, the allegations are denied.

3. The allegations contained in this paragraph are a recitation of venue, and therefore no responsive pleading is required.

### **THE PARTIES**

4. Defendants admit that Stacey Hightower is a natural person and citizen of the United States. The Defendants are without personal information sufficient to admit or deny the remaining allegations of this paragraph.

5. The Defendants admit that the City of Boston is a municipal corporation organized under the laws of the Commonwealth of Massachusetts. The City admits that it enforces the laws of the Commonwealth. The remaining allegations of this paragraph are denied, as "customs, practices and policies complained of" are undefined.

6. The Defendant admit that Commissioner Davis is responsible for enforcing the laws of the Commonwealth with regard to firearm licenses, revocations and suspensions as those laws apply to residents of the Commonwealth. The remaining allegations of this paragraph are denied as the terms therein are not defined.

## **FACTS**

7. Admitted.

8. Admitted.

9. Admitted.

10. Defendants admit that Plaintiff served as a police officer with the City of Boston from June 1998 through August 15, 2009, that her duties included arresting individuals when appropriate under the laws of the Commonwealth, and that she was injured during the course of her work. The Defendants are without information sufficient to admit or deny the remaining allegations of this paragraph.

11. Admitted.

12. The Defendants admit that Plaintiff was required to carry a firearm while on duty as a police officer, and admits that Plaintiff never discharged her weapon while on duty.

13. Admitted.

14. Admitted.

15. Admitted.

16. The Defendants admit that Plaintiff submitted a renewal application on or about July 2008, and based on the information contained therein, the application was granted.

17. The Defendants have no knowledge, nor reason to believe, the Plaintiff was convicted of a felony or of the unlawful possession of drugs. Defendants have no personal knowledge sufficient to admit or deny the regarding the remaining allegations of this paragraph.

18. The Defendants are without personal information to admit or deny the allegations of this paragraph.

19. The Defendants admit that Plaintiff reported that her motorcycle was vandalized on or about August 2, 2005. The Defendants admit that no individual was arrested or charged by the Boston Police Department.

20. The Defendants admit that the Plaintiff reported that her home was broken into on or about June 28, 2007 and a laptop was stolen; Plaintiff provided officers with the name of a suspect who was doing work at her home who may have been involved. The Defendants admit that no individual was arrested or charged by the Boston Police Department.

21. The Defendants are without personal information sufficient to admit or deny the allegations contained in this paragraph.

22. Admitted.

23. Denied.

24. Admitted.

25. Admitted.

26. Admitted.

27. The Defendants are without personal information sufficient to admit or deny the allegations contained in this paragraph.

28. The Defendants are without personal information sufficient to admit or deny the allegations contained in this paragraph.

29. The Defendants are without personal information sufficient to admit or deny the allegations contained in this paragraph.

30. The Defendants are without personal information sufficient to admit or deny the allegations contained in this paragraph.

31. The Defendants are without personal information sufficient to admit or deny the allegations contained in this paragraph.

32. The Defendants are without personal information sufficient to admit or deny the allegations contained in this paragraph.

33. The Defendants admit that Commissioner Davis sent Plaintiff a revocation of her license to carry. Further answering, the Defendants state that the renewal application submitted by the Plaintiff in July 2008 was designed for law enforcement personnel applicants, and required the applicant to report whether charges were pending against the applicant at the time of the renewal. The Plaintiff completed the form, but failed to report that she was awaiting a hearing on disciplinary charges at that time. See Exhibit A, Renewal Application. Upon learning that the document had not been completed truthfully, the Commissioner revoked the Plaintiff's license. See Exhibit B, Notice of Revocation.

34. Admitted.

35. Admitted.

36. Admitted.

37. Denied. Further answering, if the Plaintiff truthfully completes a civilian License to Carry form, and no other disqualification applies, her right to carry a firearm will be restored.

38. The allegations of this paragraph consist of averments of law, to which no responsive pleading is required.

39. The allegations of this paragraph consist of averments of law, to which no responsive pleading is required.

40. The allegations of this paragraph consist of averments of law, to which no responsive pleading is required.

41. The allegations of this paragraph consist of averments of law, to which no responsive pleading is required.

42. The allegations of this paragraph consist of averments of law, to which no responsive pleading is required.

43. The allegations of this paragraph consist of averments of law, to which no responsive pleading is required.

44. The allegations of this paragraph consist of averments of law, to which no responsive pleading is required.

45. The Defendants admit that they are bound by, and enforce, the laws of the Commonwealth of Massachusetts and the Ordinances of the City of Boston.

46. The Defendants admit that they are bound by, and enforce, the laws of the Commonwealth of Massachusetts and the Ordinances of the City of Boston. The remaining allegations of this paragraph consist of averments of law, to which no responsive pleading is required.

47. The allegations of this paragraph consist of averments of law, to which no responsive pleading is required.

48. The allegations of this paragraph consist of averments of law, to which no responsive pleading is required.

49. The allegations of this paragraph consist of averments of law, to which no responsive pleading is required.

50. The Defendants are without personal information sufficient to admit or deny the allegations contained in the first sentence of this paragraph. The Defendants admit that if the Plaintiff were to possess or carry a firearm without first obtaining a license to do so, she will be subject to arrest.

## **FIRST CLAIM FOR RELIEF**

51. The Defendants repeat and incorporate herein their answers to Paragraphs 1 through 50 of the First Amended Complaint.

52. The allegations of this paragraph consist of averments of law, to which no responsive pleading is required.

53. The allegations of this paragraph consist of averments of law, to which no responsive pleading is required.

54. Denied.

55. Denied.

56. Denied.

## **SECOND CLAIM FOR RELIEF**

57. The Defendants repeat and incorporate herein their answers to Paragraphs 1 through 56 of the First Amended Complaint.

58. Admitted.

59. The allegations of this paragraph consist of averments of law, to which no responsive pleading is required. To the extent this paragraph purports to allege facts against these Defendants, the allegations are denied.

60. Denied.

61. Denied.

62. Denied.

### THIRD CLAIM FOR RELIEF

63. The Defendants repeat and incorporate herein their answers to paragraphs 1 through 62 of the First Amended Complaint.

64. Denied.

65. The allegations of this paragraph consist of averments of law, to which no responsive pleading is required. To the extent this paragraph purports to allege facts against these Defendants, the allegations are denied.

66. Denied.

67. Denied.

### FOURTH CLAIM FOR RELIEF

68. The Defendants repeat and incorporate herein their answers to paragraphs 1 through 67 of the First Amended Complaint.

69. Denied.

70. Denied.

71. Denied.

72. Denied.

### AFFIRMATIVE DEFENSES

#### First Affirmative Defense

This case should be dismissed as the Court is without jurisdiction to hear this action, as there is no genuine case or controversy between the parties.

#### Second Affirmative Defense

This case should be dismissed for failure to join an indispensable party, in the absence of whom complete relief cannot be afforded.

### Third Affirmative Defense

This case should be dismissed for failure to state a claim upon which relief may be granted.

### Fourth Affirmative Defense

The Defendants' actions were at all times in accordance with the applicable laws of the Commonwealth of Massachusetts and the United States.

### Sixth Affirmative Defense

The Defendants' conduct was performed according to, and protected by, law and/or legal process.

### Seventh Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted pursuant to 42 U.S.C. §1983, because it fails to show any factual connection between any alleged, unconstitutional custom, policy or practice of the Defendants and any alleged violation of the Plaintiff's constitutional rights.

### Eighth Affirmative Defense

Defendant Davis acted at all times in accordance with the laws of the Commonwealth of Massachusetts and the United States of America, and accordingly, he is entitled to Qualified Immunity.

### Ninth Affirmative Defense

The Complaint fails to join the Attorney General of the Commonwealth of Massachusetts, a necessary party required under Rule 19(a)(1)(A),(B) such that the Court

cannot accord complete relief among the existing parties, and accordingly the Complaint should be dismissed.

## Jury Claim

Defendants request a jury trial on all claims so triable.

Respectfully submitted:

DEFENDANTS CITY OF BOSTON and
EDWARD DAVIS
By their attorneys:

/s/   Mary Jo Harris
Mary Jo Harris (BBO #561484)
MORGAN, BROWN & JOY, LLP
200 State Street
11th Floor
Boston, MA  02109
(617) 788-5011

mharris@morganbrown.com

Dated:  May 28, 2009

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon all counsel of record this date by filing with the ECF system.

/s/ Mary Jo Harris
Mary Jo Harris