IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STACEY HIGHTOWER, ) | C.A. No. 08-CV-11955-PBS |
| Plaintiff, ) | |
| v. ) | MEMORANDUM OF POINTS |
| ) | AND AUTHORITIES IN SUPPORT |
| CITY OF BOSTON, et al., ) | OF CONSENT MOTION TO HOLD |
| ) | CASE IN ABEYANCE |
| Defendants. ) | |

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
CONSENT MOTION TO HOLD CASE IN ABEYANCE

Comes now the Plaintiff, Stacey Hightower, by and through undersigned counsel, and submits her Memorandum of Points and Authorities in support of her Consent Motion to hold this case in abeyance. moves

Dated: October 14, 2009                     Respectfully submitted,

Chester Darling (BBO # 114320)              Alan Gura
P. O. Box 550                               Gura & Possessky, PLLC
Andover, MA 01810                           101 N. Columbus Street, Suite 405
978.475.2520                                Alexandria, VA 22314
Fax 978.470.2219                            703.835.9085/Fax 703.997.7665

By:   /s/ Chester Darling                   By:  /s/Alan Gura
      Chester Darling                            Alan Gura

                                            Attorney for Plaintiffs

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
CONSENT MOTION TO HOLD CASE IN ABEYANCE

ARGUMENT

Plaintiff Stacey Hightower asserts that Defendants violated her Second and Fourteenth Amendment rights to bear arms and due process by ordering her to turn in her handgun and revoking her Class A license to carry it.

A threshold legal issue in the case is whether Defendants' actions impacted upon Plaintiff's enjoyment of a fundamental right. In *District of Columbia* v. *Heller*, 128 S. Ct. 2783 (2008), the Supreme Court held that the Second Amendment secures an individual right to keep and bear arms, including handguns. However, as that case concerned the actions of the District of Columbia's government, the issue of the Second Amendment's incorporation as against the states through the Fourteenth Amendment was not directly addressed.

Plaintiff would contend that *Heller*'s plain language confirms that the Second Amendment is a fundamental individual right binding the states and their units of local government, including Defendants, who are indisputably "persons" under 42 U.S.C. § 1983. There being no modern, incorporation-era case considering whether the Second Amendment is incorporated, *Heller*, 128 S. Ct. at 2813 n.23, and no post-*Heller* guidance on the topic by the First Circuit, the parties were free to argue both sides of this question before this Court as a matter of first impression. Logically, there is no reason why the lower federal courts cannot consider an incorporation question prior to Supreme Court instruction, and indeed, historically, the lower federal courts have answered such questions. *See, e.g. United States ex rel. Hetenyi* v. *Wilkins*, 348 F.2d 844 (2d Cir. 1965) (incorporating Fifth Amendment Double-Jeopardy Clause); *United States ex rel. Bennett* v. *Rundle*, 419 F.2d 599 (3rd Cir. 1969) (en banc) (incorporating Sixth Amendment public trial right).

However, on September 30, 2009, the Supreme Court granted certiorari in *McDonald v. City of Chicago*, No. 08-1521, on the following question presented: "Whether the Second Amendment right to keep and bear arms is incorporated as against the States by the Fourteenth Amendment's Privileges or Immunities or Due Process Clauses."[1]

The Supreme Court's opinion in *McDonald* will not only answer a basic question at the core of this litigation, but may also yield additional guidance as to how the Second Amendment might be applied in the context of this case. It would be an inefficient use of judicial resources for this Court to consider and answer the profound incorporation issue when a definitive ruling from the Supreme Court is anticipated this term.

Accordingly, Plaintiff respectfully submits that this case should be held in abeyance pending the resolution of *McDonald*. The anticipated delay is brief, and the reason for it is compelling. Defendants' counsel assents to this motion.

Dated: October 14, 2009                     Respectfully submitted,

Chester Darling (BBO # 114320)              Alan Gura
P. O. Box 550                               Gura & Possessky, PLLC
Andover, MA 01810                           101 N. Columbus Street, Suite 405
978.475.2520                                Alexandria, VA 22314
Fax 978.470.2219                            703.835.9085/Fax 703.997.7665

By:   /s/ Chester Darling            By:   /s/Alan Gura
      Chester Darling                      Alan Gura

                                           Attorney for Plaintiffs

---

[1] Plaintiff's counsel is also counsel for Petitioners in *McDonald*.