**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| STACEY HIGHTOWER, | ) | C.A. No. 08-CV-11955-PBS |
|  | ) |  |
| Plaintiff, | ) | **SEPARATE STATEMENT OF** |
|  | ) | **MATERIAL FACTS IN** |
| v. | ) | **SUPPORT OF PLAINTIFF'S** |
|  | ) | **MOTION FOR SUMMARY** |
| CITY OF BOSTON, et al., | ) | **JUDGMENT** |
|  | ) |  |
| Defendants. | ) |  |
|  | ) |  |

**SEPARATE STATEMENT OF MATERIAL FACTS IN SUPPORT OF
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

COMES NOW the Plaintiff, Stacey Hightower, by and through undersigned counsel, and

submits her separate Statement of Material Facts as to which there is no genuine dispute in

support of her motion for summary judgment.

Dated: January 31, 2011                     Respectfully submitted,

Chester Darling (BBO # 114320)        Alan Gura
9 Mayflower Drive                            Gura & Possessky, PLLC
Andover, MA 01810                          101 N. Columbus Street, Suite 405
978.475.2520                                    Alexandria, VA 22314
Fax 978.475.1741                             703.835.9085/Fax 703.997.7665

By:  /s/ Chester Darling_____     By:  /s/ Alan Gura_____
       Chester Darling                                Alan Gura

                                                          Attorneys for Plaintiff

**SEPARATE STATEMENT OF MATERIAL FACTS IN SUPPORT OF
PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. 56, Plaintiff Stacey Hightower contends there is no genuine

issue about the following material facts:

| No. | Material Fact | Support for Material Fact |
|---|---|---|
| 1. | Plaintiff Stacey Hightower is citizen of the United States and a resident of Boston, Massachusetts. | Hightower Decl., ¶ 1; First Amended Complaint ("Complaint"), ¶ 4; First Amended Answer ("Answer"), ¶ 4. |
| 2. | From 1986 through 1991, Hightower served in the United States Air Force, working in active combat duty in the Persian Gulf during Operation Desert Shield before earning an honorable discharge in 1991. During this service, Hightower was qualified to handle a variety of firearms. | Hightower Decl., ¶ 2; Complaint, ¶ 8-9; Answer, ¶ 8-9. |
| 3. | Hightower served as a police officer for the Veterans Administration from 1992 through 1998, and for the City of Boston from June 1998 through August 15, 2008 | Hightower Decl., ¶ 3; First Amended Complaint ("Complaint"), ¶ 10; First Amended Answer ("Answer"), ¶ 10. |
| 4. | Hightower holds an associate's degree in criminal justice, a bachelor's degree in computer science and an advanced graduate degree in network security management from Northeastern University. | Hightower Decl., ¶ 4. |
| 5. | Hightower was required to carry a firearm as a Boston Police Officer, but never discharged her firearm to cause harm to a human being while on duty during her police employment. | Hightower Decl., ¶ 5; Complaint, ¶ 12; Answer, ¶ 12. |

| 6. | While she was a police officer, Hightower passed all firearm tests to carry semi-automatic handguns and revolvers. Moreover, Hightower was ranked the second top shooter in her police academy class which totaled greater than seventy individuals. | Hightower Decl., ¶ 6; Complaint, ¶ 14; Answer, ¶ 14. |
|---|---|---|
| 7. | Hightower has never been convicted of any crimes regarding the use of firearms or otherwise while she was a police officer. | Hightower Decl., ¶ 7; Complaint, ¶ 13; Answer, ¶ 13. |
| 8. | As a police officer, Hightower's duties included arresting violent criminals. During her service with the Department, Ms. Hightower arrested murderers and members of drug cartels, intercepted narcotic shipments, and physically subdued numerous violent criminals. | Hightower Decl., ¶ 8; Complaint, ¶ 10; Answer, ¶ 10. |
| 9. | Hightower has testified in court against numerous felons who were convicted and eventually incarcerated by the Commonwealth. | Hightower Decl., ¶ 9; Complaint, ¶ 11; Answer, ¶ 11. |
| 10. | Hightower was physically injured multiple times as a result of altercations with violent felons. | Hightower Decl., ¶ 10; Complaint, ¶ 10; Answer, ¶ 10. |
| 11. | The Dorchester neighborhood where Hightower resides is a high crime area of the City of Boston. | Hightower Decl., ¶ 11. |
| 12. | Hightower's neighbors know that she used to work as a police officer. | Hightower Decl., ¶ 11. |
| 13. | On or about August 2, 2005, a motorcycle garaged at Hightower's residence was tampered with and vandalized by unknown perpetrators. Ms. Hightower reported the vandalism of her vehicle to the Boston Police Department, indicating that damage to her motorcycle placed her life at risk. The perpetrators of the crime were never discovered or arrested by the Department. | Hightower Decl., ¶ 12; Complaint, ¶ 19; Answer, ¶ 19. |

| 14. | On or about June 28, 2007, Hightower's residence was invaded. The home invasion was immediately reported to the Boston Police Department and Ms. Hightower submitted a written report regarding this incident on July 10, 2007. The perpetrators of the crime were never discovered or arrested by the Boston Police Department. | Hightower Decl., ¶ 13; Complaint, ¶ 20; Answer, ¶ 20. |
|---|---|---|
| 15. | The incidents described in ¶¶ 13 and 14 caused Hightower to fear further vandalism, home invasions, and future attacks by criminals. | Hightower Decl., ¶ 14. |
| 16. | Hightower initially applied for and received from the Commonwealth of Massachusetts a Class A License to carry large capacity firearms in 1999. The license was never revoked, suspended, or forfeited. The Boston Police Commissioner in power at that time granted the Initial Application for "all lawful purposes." | Hightower Decl., ¶ 15; Complaint, ¶ 15; Answer, ¶ 15. |
| 17. | Hightower renewed her Class A License on or about July 2008 without incident. The renewal application was granted by Defendant Davis, empowering Hightower to carry firearms for "all lawful purposes." | Hightower Decl., ¶ 16; Complaint, ¶ 16; Answer, ¶ 16. |
| 18. | Because Hightower was a sworn Boston police officer at the time she filed to renew her license to carry, she was required to fill out a "Form G 13-S" in addition to the ordinary renewal form. | Hightower Decl., ¶ 17 & Exh. A. |
| 19. | Hightower completed Form G 13-S on July 9, 2008. One of the questions on this form asks: "Are There Any Complaints Or Charges Pending Against You?" to which Hightower responded "No." | Hightower Decl., ¶ 18 & Exh. A. |

3

| 20. | Hightower interpreted the language of the question in ¶ 19 to refer to criminal or administrative charges, but was unaware of any pending investigations in her internal affairs record at all. Hightower thus believed her answer to be accurate and truthful, and continues to believe this today. | Hightower Decl., ¶ 19. |
|---|---|---|
| 21. | Hightower's police employment was covered by a collective bargaining agreement ("CBA") between the city and its Patrolmen's Union. Under that agreement, no derogatory comments about Hightower's service may be placed in her personnel file absent her review and endorsement, and no material concerning an allegation of misconduct can be placed in her file unless verified by an affidavit and a hearing is held regarding the allegations. | Exh. E: CBA, art. XVI, § 9(a); CBA, art. XVI, § 9(c). |
| 22. | Hightower's Form G 13-S was initialed as "reviewed by IAD" (the Internal Affairs Division) on July 30, 2008, prior to being approved on August 1, 2008 by Defendant Davis. | Hightower Decl., ¶ 20 & Exh. A. |
| 23. | On or about July 31, 2008, Hightower resigned from the Boston Police Department to become an instructor of computer science at Cambridge College. Hightower resigned because she had grown dissatisfied with her career at the Boston Police Department, finding few opportunities for advancement or for making use of her degrees in computer science. | Hightower Decl., ¶ 21. |

| 24. | On July 31, 2008, Hightower submitted her notice of resignation to the Boston Police Department, effective August 15, 2008. The resignation notice form asked: "Is resignation presented while charges are pending?" to which Hightower answered "No." | Hightower Decl., ¶ 22 & Exh. B. |
|---|---|---|
| 25. | Hightower's superior reviewed the resignation notice and recommended that it be accepted. | Hightower Decl., ¶ 22 & Exh. B. |
| 26. | Defendant Davis approved the resignation notice. | Hightower Decl., ¶ 22 & Exh. B. |
| 27. | On or about August 20, 2008, Defendant Davis sent Hightower a letter revoking her Class A license. The only reason specified by Commissioner Davis for revoking the license was that she "completed the application form untruthfully." | Hightower Decl., ¶ 23 & Exh. C. |
| 28. | Hightower was ordered to immediately surrender her privately-owned handgun and ammunition to the police, which she did. | Hightower Decl., ¶ 24 & Exh. C; Complaint, ¶ 34; Answer, ¶ 34. |
| 29. | Unbeknownst to Hightower, a "Police Commissioner's Personnel Order"—signed by Defendant Davis and dated August 18, 2008—was placed in her personnel file without her endorsement, stating that her resignation had been "presented with charges pending." | Hightower Decl., ¶ 25 & Exh. D. |
| 30. | Defendants appear to claim that charges were pending against Hightower from a 2005 investigation. No hearing about these alleged charges ever occurred, and Hightower never endorsed the inclusion of any documents related to these alleged charges in her personnel file. Hightower did not believe that any charges relating to this investigation were pending against her at the time she filed her Class A renewal application. | Hightower Decl., ¶ 26. |

| | | |
|---|---|---|
| 31. | Defendants alternatively appear to claim that charges were pending against Hightower in connection with a traffic stop she conducted of citizen Frank Holbrook at approximately 4:10 p.m. on May 19, 2008. Hightower was later suspended for a day without pay, which she served on July 2, 2008. Hightower did not believe at the time of her Class A renewal application that any charges were pending against her in regard to this incident. | Hightower Decl., ¶ 27. |
| 32. | Hightower is presently involved in separate adjudicatory process to remove any alleged pending charges from her personnel record. | Hightower Decl., ¶ 28. |
| 33. | Defendants did not afford Hightower a hearing prior to the revocation of her Class A license, nor did Defendants afford Hightower a hearing prior to the confiscation of her handgun and ammunition. | Hightower Decl., ¶ 29; Complaint, ¶¶ 35-36; Answer, ¶¶ 35-36. |
| 34. | Under Massachusetts law, a Class A firearms license, once issued, may be revoked only "upon the occurrence of any event that would have disqualified the holder from being issued such license or from having such license renewed," or "if it appears that the holder is no longer a suitable person to possess such license." Furthermore, "No appeal or postjudgment motion shall operate to stay such revocation or suspension." | M.G.L. c. 140, § 131. |

| 35. | Although judicial review of the revocation of a Class A license is available, the reviewing court may credit hearsay testimony and there is no right to an evidentiary hearing. | M.G.L. c. 30A, § 14; *See, e.g., Merisme* v. *Board of Appeals on Motor Vehicle Liability Policies & Bonds*, 27 Mass. App. Ct. 470, 475 (Mass. App. Ct. 1989) ("the crucial point is not whether the only evidence relied upon is hearsay inadmissible in a court of law, but, instead, is whether the hearsay carried with it certain 'indicia of reliability and probative value.'"). |
| --- | --- | --- |
| 36. | Defendants admit in their Answer that if Hightower completes a civilian License to Carry form, they will approve it provided that "no other disqualification applies." | Complaint, ¶ 37; Answer, ¶ 37. |
| 37. | Defendants admit that Hightower has no criminal or drug history that would disqualify her from carrying a gun. | Complaint, ¶¶ 25-26; Answer, ¶¶ 25-26. |
| 38. | With respect to all other information provided by Hightower on her application to renew her carry license, Defendants either admit the substance of Hightower's answers were truthful or deny knowledge sufficient to form an opinion. | Complaint, ¶¶ 27-32; Answer, ¶¶ 27-32; Hightower Decl., ¶¶ 30-32. |

## CERTIFICATE OF SERVICE

I, Alan Gura, hereby certify that this document filed through the ECF system was served on all counsel of record.

Date: January 31, 2011          /s/ Alan Gura
                                Alan Gura