UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STACEY HIGHTOWER<br>　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF BOSTON and BOSTON POLICE<br>COMMISSIONER EDWARD DAVIS,<br>　　　　Defendants. | No. 08-CV-11955-PBS |

### <u>ASSENTED-TO</u> MOTION BY THE COMMONWEALTH OF MASSACHUSETTS TO INTERVENE AS A PARTY DEFENDANT TO DEFEND THE CONSTITUTIONALITY OF A STATE STATUTE

The Commonwealth of Massachusetts moves pursuant to 28 U.S.C. § 2403(b) to intervene for the limited purpose of defending the constitutionality of Mass. Gen. L. c. 140, § 131, which plaintiffs have drawn into question in their amended complaint and in their pending motion for summary judgment. The Commonwealth seeks to intervene to defend against plaintiff's claims for declaratory and injunctive relief, and states that in so doing it does not waive its immunity against suit and liability under the Eleventh Amendment to the United States Constitution. *Cf. Comfort ex rel. Neumyer v. Lynn School Committee*, 131 F.Supp.2d 253, 254 n.2 (D.Mass. 2001) (Gertner, J.) (Commonwealth's intervention under § 2403(b) for limited purpose of defending constitutional validity and enforceability of state statute did not constitute waiver of sovereign immunity and immunity from suit in federal court).

The Commonwealth has a right to intervene under 28 U.S.C. § 2403(b), which provides in relevant part that:

> In any action, suit, or proceeding in a court of the United States to which a State or any agency, officer, or employee thereof is not a party, wherein the constitutionality of any statute of that State affecting the public interest is drawn in question, the court shall certify such fact to the attorney general of the State, and <u>shall permit the State to intervene</u> for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality. [emphasis added]

The conditions for intervention under §2403(b) are met here because plaintiff claims that a Massachusetts state statute (Mass. Gen. L. c. 140, § 131) is unconstitutional on its face and as

applied to her, and neither the Commonwealth nor any agency, officer, or employee of the Commonwealth has yet been made a party.

The Commonwealth has a strong interest in defending the constitutionality of Massachusetts statutes.  Under Massachusetts law, it is the Attorney General who has a "right to be heard in litigation to represent the interests of the Commonwealth when the constitutionality of its laws is put in question."  *Feeney v. Commonwealth*, 373 Mass. 359, 366 (1977).

The plaintiff and the current defendants all assent to this motion.  No party will be unfairly prejudiced by the intervention of the Commonwealth.  Although plaintiff filed and served a Notice of Claim of Unconstitutionality in late July 2009 (see docket no. 18), the case was administratively stayed at plaintiff's request from October 2009 until November 2010, to await final action by the Supreme Court in *McDonald v. Chicago*, 130 S.Ct. 3020 (2010).

### Certification of Compliance With L.R. 7.1(A)(2)

The undersigned counsel for the Commonwealth certifies that he contacted counsel for all parties by telephone on February 11, 2011, to resolve or narrow the issue addressed in this motion, and that all parties assent to the Commonwealth's motion to intervene.

        COMMONWEALTH OF MASSACHUSETTS

        By Martha Coakley
          *ATTORNEY GENERAL OF MASSACHUSETTS*

          /s/ Kenneth W. Salinger
        Kenneth W. Salinger (BBO # 556967)
        Assistant Attorney General, Government Bureau
        Office of the Attorney General
        One Ashburton Place
        Boston, MA  02108
        617.963.2075
        ken.salinger@state.ma.us

February 11, 2011

- 3 -

**ASSENTED TO BY:**

| | |
|---|---|
| PLAINTIFF STACEY HIGHTOWER<br>By her attorney, | DEFENDANTS CITY OF BOSTON and<br>BOSTON POLICE COMMISSIONER<br>EDWARD DAVIS, |
|   /s/ Alan Gura   .<br>Alan Gura, Esq.<br>Gura & Possessky, PLLC<br>101 N. Columbus Street, Suite 405<br>Alexandria, VA  22314<br>703.835.9085<br>alan@gurapossessky.com | By their attorney,<br><br>  /s/ Lisa Skehill Maki   .<br>Lisa Skehill Maki, BBO # 675344<br>Assistant Corporation Counsel<br>City of Boston Law Department<br>1 City Hall Plaza, Room 615<br>Boston, MA  02201<br>671.635.4022<br>lisa.maki@cityofboston.gov |

February 11, 2011

Certificate of Service

I hereby certify that this document was filed through the Electronic Case Filing (ECF) system and thus copies will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF); paper copies will be sent to those indicated on the NEF as non registered participants on or before February 11, 2011.

   /s/ Kenneth W. Salinger   .