UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STACEY HIGHTOWER<br>             Plaintiff,<br><br>       v.<br><br>CITY OF BOSTON, BOSTON POLICE COMMISSIONER EDWARD DAVIS, and the COMMONWEALTH OF MASSACHUSETTS,<br>             Defendants. | No. 08-CV-11955-DJC |

**CROSS-MOTION FOR SUMMARY JUDGMENT
BY THE COMMONWEALTH OF MASSACHUSETTS**

The Commonwealth of Massachusetts moves for summary judgment in favor of the defendants on all counts.  Plaintiff Stacey Hightower claims that the Massachusetts statutes that allow only "suitable persons" to carry concealed, large capacity, and other firearms in public, and that govern the revocation of such a license, are unconstitutional on their face.  Several of Hightower's claims are not ripe, and thus should be dismissed without prejudice.  The defendants are entitled to judgment in their favor as a matter of law on the remaining claims, and indeed on all claims if the Court were to reach their merits.  The grounds for this motion are set forth in the accompanying memorandum of law.

Hightower's claim that these Massachusetts laws violate a right to carry firearms in public that is purportedly protected by the Second Amendment to the United States Constitution, and her closely-related claim that the City has deprived Hightower of that right and therefore also violated substantive due process, are not ripe and thus should be dismissed without prejudice.  The Second Amendment does not create or protect any right to carry a concealed weapon in public, or to possess or carry a large capacity firearm.  The Class A license revoked from Hightower allowed her to carry a concealed large capacity firearm, and Hightower has never sought nor been denied a Class B license that would allow her to keep a regular capacity firearm in her home and to carry it openly in public.

If the Court were to reach the merits of these two claims, it should enter judgment in favor of the defendants.  The Massachusetts Class A licensing laws would not violate the Second

Amendment even if it protected rights to carry regular capacity weapons openly outside the home.  The "suitable person" standard is reasonably calculated to make sure that only responsible citizens possess and carry firearms.  Irresponsible persons have no Second Amendment right to keep and bear arms.  The Commonwealth has a substantial public safety interest in making sure that irresponsible, untrustworthy persons do not possess or carry firearms. Hightower's substantive due process claim fails as a matter of law because the revocation of a firearms license from someone found no longer to be a suitable person to carry a weapon does not "shock the contemporary conscience."

Finally, the Court should also enter judgment for the defendants on Hightower's procedural due process and equal protection claims.  Hightower chose not to avail herself of the right to seek immediate judicial review of the order revoking her Class A license.  But the availability of such post-deprivation review is sufficient to satisfy the requirements of due process, in light of the Commonwealth's paramount public safety interest in making sure that firearms do not remain in the possession of individuals who are not suitable and responsible enough to be entrusted with a deadly weapon.  Hightower's equal protection claim adds nothing to her Second Amendment claim.  Any additional equal protection inquiry would be subject only to the rational basis test.  Because the Massachusetts firearms licensing laws pass muster both under the rational basis test and under any intermediate scrutiny that could be claimed through the Second Amendment, they satisfy the requirements of equal protection as a matter of law.

**Accompanying Statement of Undisputed Material Facts and Exhibits.**

In accord with LR 56.1, the Commonwealth is also submitting a statement of undisputed material facts.  Copies of the documentation referenced in that statement are attached to this motion as exhibits, except for plaintiff's First Amended Complaint (which was filed by the plaintiff on March 23, 2009, as document no. 3) and the Declaration of Stacey Hightower (filed by the plaintiff on January 31, 2011, as document no. 28-7).

**Request for Oral Argument — Scheduled for June 21, 2011.**

Pursuant to L.R. 7.1(D), the Commonwealth requests a hearing on this dispositive motion, on the ground that oral argument is likely to be of assistance to the Court. Oral argument on the cross-motions for summary judgment is currently scheduled for June 21, 2011.

**Certification of Compliance With L.R. 7.1(A)(2).**

The undersigned counsel hereby certifies that he has conferred with Plaintiff's counsel and that we have attempted in good faith to resolve or narrow the issue presented by this motion.

> MARTHA COAKLEY
> *ATTORNEY GENERAL OF MASSACHUSETTS*
>
>   /s/ Kenneth W. Salinger
> Kenneth W. Salinger (BBO # 556967)
> Assistant Attorney General, Government Bureau
> Office of the Attorney General
> One Ashburton Place
> Boston, MA  02108
> 617.963.2075
> ken.salinger@state.ma.us

April 21, 2011

<u>Certificate of Service</u>

I hereby certify that this document was filed through the Electronic Case Filing (ECF) system and thus copies will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF); paper copies will be sent to those indicated on the NEF as non registered participants on or before April 21, 2011.

>   /s/ Kenneth W. Salinger  .