IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| STACEY HIGHTOWER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITY OF BOSTON, et al., ) <br> ) <br> Defendants. ) | C.A. No. 08-CV-11955-DJC |

PLAINTIFF'S RESPONSE TO DEFENDANTS CITY OF BOSTON AND EDWARD DAVIS'S SEPARATE STATEMENT OF FACTS

COMES NOW the Plaintiff, Stacey Hightower, by and through undersigned counsel, and submits her Response to Defendants City of Boston and Edward Davis's Separate Statement of Facts.

Dated: May 6, 2011                                  Respectfully submitted,

Chester Darling (BBO # 114320)         Alan Gura
9 Mayflower Drive                                Gura & Possessky, PLLC
Andover, MA 01810                              101 N. Columbus Street, Suite 405
978.475.2520                                         Alexandria, VA 22314
Fax 978.475.1741                                  703.835.9085/Fax 703.997.7665

By:   /s/ Chester Darling                    By:   /s/ Alan Gura
         Chester Darling                                   Alan Gura

                                                              Attorneys for Plaintiff

PLAINTIFF'S RESPONSE TO DEFENDANTS CITY OF BOSTON AND EDWARD DAVIS'S
SEPARATE STATEMENT OF FACTS

39. Undisputed.

40. Undisputed.

41. Undisputed.

42. Disputed. Neither a Class A nor Class B is required for lawful home possession of a revolver. *See* M.G.L. c. 269, § 10(a)(1).

43. Undisputed.

44. Undisputed. However, Plaintiff notes these observations are historical. As the Complaint makes clear, Plaintiff would keep and carry her firearm today for self-defense if licensed to do so.

45. Undisputed.

46. Undisputed.

47. Undisputed.

48. Disputed.  The term "pending charges" is not officially defined anywhere. Plaintiff has a different understanding of the term. *See* Exh. F, p. 37, l. 24 - p. 38, l. 17; p. 54, l. 13 - p. 61, l. 4; p. 71,13 - 73, 11.

49. Undisputed. However, it should be noted that a licensing authority can take such actions at any time for whatever reason.

50. Undisputed that Defendants asserted the belief that Plaintiff was untruthful as justification for their conduct.

51. Undisputed.

52. Undisputed.

53. Undisputed.

54. Undisputed.

55. Undisputed.

56. Undisputed.

57. Disputed. As phrased, the allegation may be interpreted as claiming that Hightower would only carry her firearm concealed. *But see* Def. Exh. F, p. 90, l. 24 - p. 91, l. 2 (Q: "You don't want your gun license if you can't carry it concealed? A: That's not necessarily true.")

58. Undisputed.

59. Undisputed.

60. Plaintiff does not know the precise dates of licensure, but believes the dates offered by Defendants are approximately correct. Defendants' Exhibit J does not reflect these dates.

61. Undisputed.

62. Undisputed.

63. Undisputed.

64. Undisputed.

65. Undisputed.

66. Undisputed.

67. Disputed. Def. Exh. F, p. 47, l. 8-12 ("Q. Are you aware that those rules violations listed in Exhibit 3 were still pending in 2008 when you resigned from the Boston Police Department? A. No, I'm not aware of what was going on with that.")

68. Undisputed.

69. Undisputed.

70. Disputed. Def. Exh. F, p. 47, l. 8-12 ("Q. Are you aware that those rules violations listed in Exhibit 3 were still pending in 2008 when you resigned from the Boston Police Department? A. No, I'm not aware of what was going on with that.")

71. Undisputed that Defendants take that position, but see response to No. 70.

72. Undisputed.

73. Undisputed.

74. Disputed. Harrington may have confirmed it was the Department's position that Hightower resigned with charges pending, but he did not necessarily confirm that she did, in fact, resign with charges pending.

75. Disputed. Hightower did not believe that she had "charges pending" at the time of her resignation. The assertion that Hightower was untruthful is Defendants' opinion.

76. Undisputed that Hightower's license was revoked based on Defendants' position that Hightower had been untruthful, but the assertion that Hightower was untruthful is Defendants' opinion.

77. Disputed. No license revocation was sent April 20, 2008.

78. Undisputed.

79. Undisputed.

80. Undisputed.

81. Undisputed.

82. Undisputed.

83. Undisputed.

Dated: May 6, 2011                                      Respectfully submitted,

Chester Darling (BBO # 114320)                          Alan Gura
9 Mayflower Drive                                       Gura & Possessky, PLLC
Andover, MA 01810                                       101 N. Columbus Street, Suite 405
978.475.2520                                            Alexandria, VA 22314
Fax 978.475.1741                                        703.835.9085/Fax 703.997.7665

By:  /s/ Chester Darling                          By:  /s/ Alan Gura
     Chester Darling                                   Alan Gura

                                                       Attorneys for Plaintiff

CERTIFICATE OF SERVICE

I, Alan Gura, hereby certify that this document filed through the ECF system was served on all counsel of record.

Date: May 6, 2011                       /s/ Alan Gura
                                        Alan Gura